UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24266-CIV-MORENO

TAXINET, CORP.,

    Plaintiff,

vs.

SANTIAGO LEON,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND COMPLAINT

Plaintiff, Taxinet, Inc., filed this case against Santiago Leon, alleging he used Plaintiff's confidential business information, and cut it out of a deal to provide a mobile taxi hailing service in Mexico City. Defendant has moved to dismiss the 8-count complaint alleging the bulk of the counts in the complaint are premised on misappropriation of trade secrets. Plaintiff's complaint, fails to identify the specific technologies or information Defendant inappropriately used. The complaint also fails to sufficiently allege what measures Taxinet took to protect that information. Both are elements needed to state a claim for misappropriation of a trade secrets. In addition to the pleading deficiencies, the Florida Uniform Trade Secrets Act also preempts several of Plaintiff's tort claims, as pled, because they substantively rely on factual allegations of misappropriation of trade secrets.

The Court also finds the tortious interference claim is insufficient. It lacks allegations that Defendant used improper means to induce the Mexican government not to contract with Plaintiff. It must make those allegations to survive a motion to dismiss. The Court also dismisses the unjust enrichment claim because it lacks an independent basis of recovery, separate

from the Defendant's alleged wrongdoing. Finally, the constructive trust count should be dismissed as it is not a cause of action, but rather an equitable remedy. Accordingly, the Court grants the motion to dismiss and grants Plaintiff leave to amend the complaint consistent with this order.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 38)**, filed on .

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiff may file an amended complaint consistent with this Order by no later than **July 24, 2018**.

## I. Background

Plaintiff, Taxinet Corp., brings this suit against Defendant Santiago Leon, whom Plaintiff claims misappropriated Plaintiff's trade secrets and entered a business deal with the Mexican government to the exclusion of the Plaintiff. Leon contracted with Mexico City's local government to provide a mobile phone application, which allows passengers to hail taxis in the city.

Defendant Leon testified he learned of the opportunity to provide services to the Mexican government, and that Plaintiff's principal, Luis Noboa, approached him to partner for the opportunity. Plaintiff had developed a similar platform for use in Ecuador, but the software application would need to be modified for use in Mexico City. Pedro Domit, introduced Leon and Noboa in the summer of 2015 to explore developing a joint business to provide Plaintiff Taxinet's services in Mexico.

2

Plaintiff alleges it disclosed to Leon "confidential processes, techniques, software applications, and business characteristics." Defendant asserts in moving to dismiss that Taxinet claims it disclosed "confidential information" to it in the presence of Mexican government officials in Mexico City in August 2015. Taxinet also states that it shared technology with Leon's technology team. The parties did not have a confidentiality or non-disclosure agreement.

According to the Plaintiff, the parties agreed on forming a Mexican corporation and agreed to their respective ownership interests. The parties never entered into any written business agreement. In October 2015, Taxinet attempted to memorialize a business agreement with Leon and at that point, requested Leon sign a non-disclosure agreement. Leon never signed a business or a non-disclosure agreement. Taxinet alleges that ultimately, Defendant Leon excluded it from participating in the joint venture.

Taxinet's complaint contains eight claims.[1] Defendant moves to dismiss arguing Taxinet has not properly pled a trade secret. He also argues that Florida Statute § 688.008, Florida's Uniform Trade Secret Act (FUTSA), preempts the claims for fraud and fraudulent inducement (Count I), conversion (Count II), Florida's Deceptive and Unfair Trade Practices Act (FDUTPA)(Count IV), and promissory estoppel (Count VII). Defendant moves to dismiss the tortious interference claim because he is a party to the relationship with which he allegedly interfered and because Taxinet's relationship with Mexico was purely speculative. He also asserts that the FDUTPA claim fails because Taxinet lacks standing and failed to allege actual damages. Finally, Defendant moves to dismiss the Constructive Trust (Count VI) claim asserting it is not a recognized cause of action, and the unjust enrichment claim arises from a wrongdoing for which there is a separate basis for recovery.

---

[1] The eight claims are fraud and fraudulent inducement, conversion, tortious interference with a prospective business relationship, violation of Florida's Deceptive and Unfair Trade Practices Act, violation of Florida Uniform Trade Secrets Act, constructive trust, promissory estoppel, and unjust enrichment.

3

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Analysis

*A. Misappropriation of a Trade Secret*

The motion to dismiss seeks dismissal of the entire complaint arguing the Plaintiff has failed to identify its trade secrets or confidential information. Defendant argues all the claims are tied to those trade secrets or confidential information, and Plaintiff's insufficient allegations require dismissal.

Florida law defines a trade secret as information that (1) derives economic value from not being generally known to, or not being readily ascertainable by others, and (2) is the subject of reasonable efforts to protect its secrecy. § 688.002(4), Fla. Stat.

4

For there to be an actionable misappropriation, the party asserting trade secret protection bears the initial burden of describing the alleged trade secret information and also showing that it has taken reasonable steps to protect this secrecy. *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007); *Swiss Watch Int'l Inc. v. Movado Group, Inc.*, No. 00-7703-CIV-GRAHAM, 2001 WL 36270980, at *3 (June 21, 2001). In *Levenger*, the Court found a trade secret claim inactionable where the plaintiff only generally described the trade secrets. *Id.*

To survive a motion to dismiss, "the plaintiff need only allege sufficient facts to plausibly show a trade secret was involved and to give the defendant notice of the material it claims constituted a trade secret." *Dyncorp Int'l v. AAR Airlift Grp., Inc.*, 664 F, App'x 844, 848 (11th Cir. 2016) (drawing distinction between pleading requirements in Florida courts that require a trade secret be pled with "reasonable particularity" and federal court where plaintiff need only allege sufficient fact to plausibly show a trade secret was involved and to give notice of the material it claims constituted a trade secret); *Imagine Comm. Corp. v. Villegas*, No. 17-20401-CIV-GAYLES, 2017 WL 2304013, *4 (S.D. Fla. May 19, 2017). In *Villegas*, the Court denied a motion to dismiss where the plaintiff alleged it possessed secret information such as regional quarterly business reviews, sales quotas, customer proposals, marketing campaign information, sales pipelines, "take share" strategies, and organizational charts. The plaintiff in that case also alleged that it protected that information by storing it on its intranet site secured by username and password, requiring access cards, fingerprints, and physical keys to get into the offices. Likewise in *Dyncorp*, the Eleventh Circuit recognized that the plaintiff's allegations were sufficient to survive a motion to dismiss, where the plaintiff did not "just identify broad categories of information, such as financial and technical data, but specifically identified

5

financial and technical data, . . .including personnel lists, salary and pay differentials, and pricing data related to staffing and business operations." *Dyncorp*, 664 F. App'x at 849.

Plaintiff's complaint contains a claim under the Florida Uniform Trade Secret Act (Count V). The claim states that Leon acquired Taxinet's trade secrets, such as "confidential business information, processes, techniques, software applications, and business characteristics, including present, future, and proposed services, and business model." Unlike the allegations in *Villegas* and *Dyncorp*, Taxinet's allegations only indicate "broad categories of information." While Taxinet lists in its complaint certain characteristics of its business model, including its Taximeter, GPS Navigation System, a Tracking System with a panic button, a Payment Gateway for credit cards, and a future booking system, it does not lay out in its complaint, which of these "trade secrets" were impermissibly used by Leon.

In addition to Plaintiff's failure to identify what trade secrets are at issue, Plaintiff also does not sufficiently allege how it protected those secrets. Taxinet only conclusively states it "used and continues to use reasonable efforts to maintain the secrecy of its trade secrets." The allegations only state that Taxinet sent Leon a non-disclosure agreement, which he did not execute. That alone is insufficient to meet the pleading requirement that Plaintiff took reasonable steps to protect the confidentiality of its trade secrets. *Levenger*, 516 F. Supp. 2d at 1287 (stating that party asserting trade secret protection must show it has taken reasonable steps to protect this secrecy). Accordingly, the Court grants the motion to dismiss the Florida Uniform Trade Secrets Act claim without prejudice because the allegations to state such a claim are vague and conclusory. The claim requires clarification to meet the *Twombly* standard.

*B. Counts Premised on Trade Secrets & Preemption Issue*

The motion to dismiss argues that since Plaintiff's eight claims are predicated on an insufficiently pled trade secret, all the claims must be dismissed. Although this complaint is based on a common set of facts, the Court will evaluate each of Plaintiff's claims to determine whether dismissal is appropriate. To the extent that a misappropriated trade secret is imbedded in the count, the Court is mindful of the guidance provided in the case law.

*1. Fraud and Fraudulent Inducement*

Count 1 of the Complaint is for fraud and fraudulent inducement. Defendant is correct that this claim is couched in terms of misappropriation of a trade secret. Plaintiff states that Leon met with Taxinet for the "purpose of obtaining and converting for his own use . . . confidential business information and model." It also states that "Leon intended to gain knowledge of Taxinet's services and business model to misappropriate such information and create an identical or substantially identical business without Taxinet."

Because Plaintiff relies on Leon's purported misappropriation of a trade secret in stating its fraud claim, the Court examines whether the allegations are sufficiently pled. Like the Florida Uniform Trade Secrets Act claim, this count generically refers to Taxinet's confidential business information. The allegations are insufficient to meet the pleading standard because they only refer generically to "broad categories" of confidential and technical information, without elucidating what that information might be. *See Dyncorp.*, 664 F. App'x at 849. To survive a motion to dismiss, Taxinet must allege what "confidential business information" Leon took, and it must also allege what reasonable steps it took to protect the information. Unlike the plaintiff in *Villegas*, there are no allegations to show Taxinet took any, let alone reasonable steps, to protect its information.

7

Moreover, because Taxinet relies on allegations that Leon impermissibly used its trade secrets, Florida Statute § 688.008 preempts this claim as it is currently alleged. The Florida Uniform Trade Secrets Act provides it "displace[s] conflicting tort, restitutory, and other law[s] of this state providing civil remedies for misappropriation of trade secret." The Act preempts all claims, other than contractual ones, that are based on misappropriation of a trade secret. § 688.008, Fla. Stat.; *see also Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335-36 (S.D. Fla. 2002). In *Allegiance*, this Court concluded that the "plain language clearly precludes common law claims based on a theory of misappropriation of trade secrets. Thus, the issue becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by § 688.008." "To pursue claims for additional tort causes of action where there are claims for misappropriation of a trade secret, there must be material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim. In other words, the allegations must be separate and distinct." *ThinkLite LLC v. TLG Solutions, LLC*, No. 16-24417-CIV-GRAHAM, 2017 WL 5972888, at *4 (S.D. Fla. Jan. 31, 2017).

Following this rationale, the Court must decide if there is a material distinction between the wrongdoing alleged in the fraud count and that alleged in the trade secret claim. The Court has already found that Taxinet's fraud claim relies at least in part on a misappropriation of a trade secret. It also includes language indicating that Leon knew he was making false representations and actions to Taxinet, but it adds that Leon did so with the purpose of obtaining confidential business information from Taxinet. As currently pled, the count for fraud and fraud in the inducement is too intertwined with the Florida Uniform Trade Secrets Act claim, which is preemptive. Accordingly, the Court grants the motion to dismiss this claim without prejudice

given that Plaintiff's allegations are insufficient to state a claim and as the claim, as currently pled, is preempted.

*2. Conversion*

Taxinet's conversion claim also relies on the Defendant's alleged impermissible use of Taxinet's confidential business information. The claim reads "Defendant converted to his own use confidential business information belonging to Taxinet by offering, through Lusad, taxi services to the government of Mexico City identical or substantially identical to those that Taxinet had proposed to the Secretary." Like the fraud count, the conversion count does not sufficiently allege the confidential business information that Defendant purportedly took. The Florida Uniform Trade Secrets Act also preempts the conversion count, as pled, as there is no material distinction between this count for conversion and the Florida Uniform Trade Secrets Act claim. Substantively, they seek redress for the same wrongdoing.

*3. Promissory Estoppel*

In the promissory estoppel count, Plaintiff alleges that "Taxinet relied on Defendant Leon's promise and material representations, and provided Leon its confidential business information, to its detriment." Plaintiff also alleges that Defendant then created a company to the exclusion of Taxinet. Although this count does not allege that Defendant used or took Taxinet's confidential business information, it still relies, at least in part, on Taxinet being induced by Leon's promises to turnover confidential information, to its detriment. Taxinet only states categorically that it provided "confidential information" without indicating what that information might be and without stating how it took reasonable efforts to protect it. It, therefore, is not sufficiently pled.

9

The next question is whether the Florida Uniform Trade Secrets Act preempts this count, as pled, because it relies, at least in part, on the same substantive allegations as the statutory claim when it states that Taxine t provided Leon with confidential information to its detriment. Again, the Court must determine whether the promissory estoppel claim is materially indistinct from the trade secret claim. In this complaint, the only material distinction is that the promissory estoppel count adds that Leon made promises of forming a corporation together, which induced Taxinet's reliance. As pled, the Court finds that reading these counts side-by-side, they are too similar to find there is no preemption. Both counts seek redress because Taxinet provided Leon with confidential information to its detriment.

*4. Florida Deceptive and Unfair Trade Practices Act*

Defendant moves to dismiss the Florida Deceptive and Unfair Trade Practices Act claim asserting that it relies on the substantive allegations that Leon misappropriated trade secrets and that Taxinet lacks standing to bring this claim.

The Court agrees that Taxinet's claim under the Florida Deceptive and Unfair Trade Practices Act substantively relies on the allegation that "[b]ased on Leon's representations, and acting reasonably under the circumstances, but to its detriment, Taxinet revealed to Leon its confidential business information, processes, techniques, software applications, and business characteristics, including present, future, and proposed services and business model." Again, the allegations do not state what business information Taxinet revealed to Leon and only refers generically to "broad categories" of information, processes, techniques, software applications, and business characteristics." Plaintiff, therefore, does not sufficiently plead the factual allegations underlying this claim.

10

Moreover, the substantive allegations underlying this claim are materially indistinct from Plaintiff's Florida Uniform Trade Secret Act claim. Accordingly, the Court grants the motion to dismiss finding that as pled, the Florida Deceptive and Unfair Trade Practices Act is also preempted.

Additionally, the Defendant moves to dismiss the Florida Deceptive and Unfair Trade Practices Act claim because Plaintiff is not a consumer nor was it engaged in a consumer transaction. The purpose of this Act is "to protect the consuming public and legitimate business enterprises from those who engage in" unfair or deceptive practices in the conduct of "trade or commerce." § 501.202(2), Fla. Stat. This Court has found that although the scope of the Act applies to protect businesses and individuals, it applies to consumer transactions in trade or commerce. *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290 (S.D. Fla. 2014). In *Leon*, this Court dismissed a Florida Deceptive and Unfair Trade Practices Act claim, because the plaintiff was not a consumer, nor was he alleged to have engaged in a protectable transaction. *Id.* at 1296. Here, Taxinet is not a consumer of a good or service nor did it allege that it participated in a consumer transaction. Rather, this complaint alleges fraud and misappropriation of trade secrets relating to a joint business venture.

To rebut this argument, Plaintiff relies on *Caribbean Cruise Line Inc. v. Better Business Bureay of Palm Beach County, Inc.*, 169 So. 3d 164 (Fla. 4th DCA 2015) to argue that any entity that can prove the elements of a claim has standing. For these claims, however, there is a "trade or commerce component . . . that must also be satisfied." *Economakis v. Butler & Hosch, P.A.*, No. 13-CV-832-FtM-38DNF, 2014 WL 820623, at *3 (M.D. Fla. March 3, 2014). This trade or commerce component is defined as "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service. . ." *Id.* That element is missing from

11

Plaintiff's allegations in this complaint. Accordingly, the Court finds that Plaintiff's failure to allege the relationship to trade or commerce requires dismissal without prejudice of this claim.

*C. Tortious Interference with a Prospective Business*

In Count 3, Taxinet claims Leon intentionally interfered with Taxinet's prospective business relationship with the government of Mexico City. Defendant moves to dismiss this claim because Leon was a party to the relationship, and Taxinet's prospective relationship with the Mexican government was speculative.

To maintain a claim for tortious interference with a business relationship under Florida law, plaintiff must prove (1) the existence of a business relationship between the plaintiffs and a third party, (2) the defendants' knowledge of the business relationship, (3) the defendant's intentional and unjustified interference with the business relationship, and (4) damage to the plaintiffs as a result of the interference. *SIG, Inc. v. AT&T Digital Life Inc.*, 971 F. Supp. 2d 1178, 1199 (S.D. Fla. 2013). A tortious interference claim cannot succeed where the alleged interference is directed at a business relationship to which the defendant is a party. *Id.* "In other words, the interfering defendant must be a third party, a stranger to the business relationship." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001). Here, there is no dispute that Leon is not a stranger to the agreement. Indeed, the Plaintiff has pled Leon's beneficial and economic interest and control over the relationship with the Mexican government.

Absent plausible factual allegations that the Defendant is a stranger to the agreement, Plaintiff can allege facts that Defendant used improper means to interfere with the business relationship. *Alticor Inc. v. UMG Recordings, Inc.*, No. 14-CV-542-ORL-37, 2015 WL 736346, at *2 (M.D. Fla. Feb. 20, 2015); *Gunder's Auto Center v. State Farm Mut. Auto. Ins. Co.*, 422 F. App'x 819, 822 (11th Cir. 2011) (recognizing that a tortious interference claim may succeed

even if the defendant is not a stranger to the agreement, if the plaintiff alleges defendant used improper means). Here, the Complaint states that Defendant made misrepresentations to induce Plaintiff to collaborate with him, and later cut Plaintiff out of the deal. There are no allegations that Defendant used improper means to cause the Mexican government not to contract with Plaintiff. The Complaint merely states that Leon encouraged the Mexican government officials not to contract with Taxinet, but it does not provide factual allegations that Leon used improper means in that regard. Accordingly, the Court finds that dismissal without prejudice of this count is appropriate as Leon was not a stranger to the deal, and the Plaintiff fails to plead that Leon engaged in improper means vis-à-vis the Mexican government to induce it not to contract with Plaintiff.

The next issue is whether the prospective nature of Taxinet's relationship with Mexico City also requires dismissal of this claim. "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Ethan Allen Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). There is one allegation in this complaint pertaining to a relationship with Mexico City. This was the meeting at which Taxinet presented its proposed services in Mexico City. The Court finds this factual allegation precludes granting dismissal on this particular issue. Nevertheless, the Court has found there are other pleading deficiencies in this count and will allow the Plaintiff an opportunity to amend.

### D. *Constructive Trust*

A constructive trust is a "remedial device with dual objectives – to restore property to the rightful owner and prevent unjust enrichment." *Abreu v. Amaro*, 534 So. 2d 771, 772 (Fla. 3d

DCA 1988). It is "not a traditional cause of action; it is more accurately described as an equitable remedy . . . that must be imposed based upon an established cause of action." *Tews v. Valdeon*, No. 12-23026-CIV, 2013 WL 5333205, *3 (S.D. Fla. Sept. 23, 2013). Defendant is correct that this count must be dismissed as it is not a cause of action. Rather, Plaintiff is free to seek a constructive trust as a remedy in this case. Accordingly, this count is dismissed with prejudice as it is not a cause of action.

### E. Unjust Enrichment

A claim for unjust enrichment has the following three elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain it without paying the value thereof." *Steinberg v. Ateeco, Inc.*, No. 15-60973-CIV, 2015 WL 11181732, at *5 (S.D. Fla. Aug. 11, 2015). Plaintiff's unjust enrichment claim is that it "conferred a benefit on Defendant Leon and has not received fair compensation for that benefit." The count, itself, is a formulaic recitation of the elements of the unjust enrichment cause of action. The failure to buttress the count with the necessary factual allegations is sufficient to dismiss this count without prejudice.

The Court, nevertheless, reviews the Plaintiff's response to the motion to dismiss to determine whether there is any viability to this count. In responding to the motion to dismiss, Plaintiff adds that it provided Leon with "all the information, details, model, characteristics, and technology of an existing business operation, and Taxinet did not receive any compensation for

the benefit conferred." Again, Plaintiff is using Leon's impermissible use of its confidential information as the factual support for this claim.[2]

Defendant is moving to dismiss this claim arguing an unjust enrichment claim cannot be predicated on an alleged wrongdoing for which an independent basis for recovery exists. *State of Fla., Office of the Att'y Gen. Dep't. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1308-09 (S.D. Fla. 2005). "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another's." *Id.* (quoting *Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms, Ltd.*, 329 F.3d 1241, 1245 n. 3 (11th Cir. 2003)). Here, like in *Tenet*, because the unjust enrichment claim arises from a wrong, the right of recovery stems from that wrong, rather than an unjust enrichment. *See also Flint v. ABB, Inc.*, 337 F.3d 1326, 1330 n. 2 (11th Cir. 2003). The Court will allow the Plaintiff an additional opportunity to replead this claim if it can add facts that would support this cause of action, independent of the wrongdoing it asserts in response to the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 10 of July 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] If the Plaintiff were to add this information to its unjust enrichment claim, the Florida Uniform Trade Secret Act's preemption provision may be at issue as this factual support seems indistinguishable from what underlies Plaintiff's misappropriation of trade secrets claim.

15