UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **16-24266-CIV-MORENO**

TAXINET, CORP.,

       Plaintiff,

vs.

SANTIAGO LEON,

       Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion for Summary Judgment, filed on **September 26, 2019**. The Magistrate Judge filed a Report and Recommendations (**D.E. 144**) on **May 28, 2020**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendations present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is GRANTED as to Counts I-V and VII and DENIED as to Count VI (Unjust Enrichment).

### I. Summary of Report and Recommendations

The Magistrate Judge recommends the Court grant Defendant Santiago Leon's motion for summary judgment in part as to all claims except for the Plaintiff Taxinet, Corp.'s unjust

enrichment claim. The basis of the recommendation is that Florida's Statute of Frauds applies and there is no written agreement evincing a meeting of the minds.

This case arises from a failed joint venture to provide a mobile taxi hailing service in Mexico City. Plaintiff, Taxinet, Corp., is claiming that it entered into a joint venture with Defendant Santiago Leon to obtain a concession agreement with Mexico City, and Leon cut Taxinet out of the deal. Mexico City awarded Leon a concession agreement to operate the service for ten years. Plaintiff seeks damages incurred as a result of its lost opportunity to operate the concession agreement in Mexico City. Its claims are for breach of the joint venture, conversion of confidential information, fraudulent inducement, unjust enrichment, tortious interference, FDUPTA violation, and promissory estoppel.

Leon moves for summary judgment on the affirmative defense that the Statute of Frauds bars Taxinet's claims. He argues the parties' oral joint venture agreement was to operate a mobile taxi hailing service in Mexico City, which could not be performed within a year and thus, any claims arising from that agreement are barred by the Statute of Frauds. The Report and Recommendations agrees with Leon's position that the parties did not intend to perform the agreement within a year. She relies on the record evidence to reach the conclusion that the parties' agreement was to *operate* the service for the duration of the concession agreement with Mexico City. She finds the record evidence does not support Taxinet's position that the agreement was simply to obtain the concession agreement with Mexico City, which could be performed within a year. Rather, the evidence shows the parties intended to form a joint corporation to operate the service, in which Taxinet would have an ownership interest and to which Taxinet would license its technology. She writes: "the record evidence indicates the oral joint venture exceeded beyond obtaining the concession agreement and included the

implementations of Taxinet's technology as well as operation of the ride-hailing service for the ten-year term of the concession." *Report and Recommendations* at 12.

Having found the Statute of Frauds requires an agreement in writing, the Magistrate Judge next examines whether there is such a writing as required by Florida law. Taxinet relies on the parties' text messages and emails, two of which bear Leon's electronic signature, as evidence of the joint venture agreement. She concludes that the record evidence does not show a meeting of the minds with respect to the essential elements of a joint venture under Florida law. The essential elements of a joint venture are (1) a community of interest in the performance of the common purpose; (2) joint control or right to control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any of the losses, which may be sustained. *See Servicios De Almacen Fiscal Zona Franca y Mandatos, S.A. a/k/a S.A.F., S.A. v. Ryder Int'l, Inc.*, No. 06-22774-CIV, 2007 WL 628133, *2 (S.D. Fla. Feb. 26, 2007) (citing *Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990). At best, the Magistrate Judge says the record evidence shows an agreement to agree in the future. She finds there is some evidence in the form of text message and email exchanges where the parties discuss the equity split, but there are no writings showing agreement on the other terms. Having found the absence of agreement on the material terms, the Magistrate Judge finds Taxinet's breach of an oral joint venture agreement is barred by the Statute of Frauds as it cannot be performed within one year, and the contract is not evidenced in writings signed by Leon.

The Magistrate Judge then concludes that "the statute of frauds also serves to bar any claims that are premised on the same conduct and representations that were insufficient to form a contract and are merely derivative of the unsuccessful contract claim." *Report and Recommendations* at 19 (quoting *Dixon v. Countrywide Fin. Corp.*, 664 F. Supp. 2d 1304, 1309

(S.D. Fla. 2009). Because Taxinet offers no argument to distinguish its tort claims, which she finds are similarly dependent on the existence of a written agreement between the parties, she recommends granting summary judgment on Taxinet's tort claims.

Finally, the Magistrate Judge recommends denying summary judgment on Taxinet's unjust enrichment claim, which she finds is not foreclosed by the Statute of Frauds. For this equitable claim, the Magistrate Judge finds Plaintiff is entitled to seek restitution for the unjust enrichment to Leon for accepting the benefit of Taxinet's business information.

## II.     Analysis of Objections to Report and Recommendations

The filing of objections to a Magistrate Judge's Report and Recommendations enables the Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Those portions of the Report to which objection is made are accorded *de novo* review, if those objections 'pinpoint the specific findings that the party disagrees with.'" *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[T]he district court will review those portions of the [Report and Recommendations] that are not objected under a clearly erroneous standard." *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters*, *LLC*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

Taxinet filed objections to the Report and Recommendations challenging the Magistrate Judge's application of Florida's Statute of Frauds barring Plaintiff's claims, except the equitable claim for unjust enrichment. Second, Taxinet objects to the Magistrate Judge's conclusion that there is no writing satisfying the Statute of Frauds and showing a meeting of the minds. Leon disputes the specificity of Taxinet's objections and argues their generality requires the Court to review the Magistrate Judge's Report and Recommendation for clear error. Leon also seeks

clarification of the Report and Recommendations' statement that the parties performed a stress test on the software in October 2015.

> A. Application of Statute of Frauds

Florida's Statute of Frauds requires that "all actions based on agreements for longer than one year must depend on a written statement. . .[t]he statute should be strictly construed to prevent the fraud it was designed to correct[. . .]." *Tanenbaum v. Biscayne Osteopathic Hosp., Inc.*, 190 So. 2d 777, 779 (Fla. 1996). Leon bears the burden of demonstrating that the oral contract is within the Statute of Frauds. Taxinet objects to the Magistrate Judge's conclusion that the parties intended to enter a long-term agreement to operate the mobile taxi hailing service in Mexico City. It argues that the parties' objective was simply to enter a concession agreement with Mexico City to provide the service, which could easily be performed within one year.

Specifically, Taxinet argues the Statute of Frauds does not apply because it is undisputed that Leon and Mexico City signed the concession agreement less than one year from the parties' first meeting in the summer of 2015. This evidence, Taxinet asserts, proves the agreement could be performed within a year. Taxinet also asserts that the parties never agreed on a definite term for their agreement. Therefore, Taxinet's position is that the parties' objective was completely fulfilled within one year. Although Leon and Mexico City entered an agreement less than one year from the date on which he met with Taxinet, the record evidence does not support Taxinet's position.

The Magistrate Judge thoroughly examined the record evidence in reaching the conclusion that "the oral joint venture exceeded beyond obtaining the concession agreement and included the implementation of Taxinet's technology as well as operation of the ride-hailing service for the ten-year term of the concession agreement." *See OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 359 F. Supp. 3d 1163, 1173-74 (S.D. Fla. 2018) (finding an oral

5

agreement was barred by the Statute of Frauds because it could not be performed within one year and the record evidence demonstrated the parties had contemplated a term longer than a year). Crucial to this analysis is the record evidence of the parties' intent. It shows the parties discussed how to structure the corporation to operate the service and how to divide equities, in addition to the discussions on how to obtain the concession agreement. Luis Noboa, Plaintiff's sole owner and officer, himself, testified that the purpose of the business venture with Santiago Leon was to form a Mexican company, in which Taxinet would have an ownership interest, and where Taxinet would license its software in perpetuity. Noboa also testified that he did not expect to launch operations within the first year because the technology would not be ready. He said at his deposition that he "was never looking on the first year of actually operating an expansion and creating, going into Mexico City." (D.E. 181-2 at 163:17-19). The Magistrate Judge also cites to an email from Pedro Domit memorializing a discussion assigning responsibility for specific tasks required to launch the joint venture. One of the tasks included obtaining the contract with Mexico City, but the rest of the tasks went beyond that and included functions such as "training staff and overseeing a marketing campaign." The Magistrate Judge correctly concluded that these tasks "hardly support Plaintiff's contention . . . that the Parties intended the joint venture only to obtain the concession, not to operate it." *Report and Recommendations* at 12; (ECF No. 181-16).

      The date on which the concession agreement was entered is an insufficient data point to refute the undisputed record evidence that the parties' oral joint venture agreement was to operate the mobile taxi-hailing service in Mexico City for the term of the concession agreement. Therefore, the Court agrees with Magistrate Judge Louis that the Statute of Frauds applies. In so holding, the Court need not decide whether Taxinet's objection provided the requisite specificity

to warrant *de novo* review. Even under *de novo* review, the Court finds the record evidence establishes the parties intended the joint venture to operate the company, not merely to obtain an agreement to operate it.

### B. Written Agreement

A signed writing overcomes the Statute of Frauds defense. The Magistrate Judge concluded that there was no signed writing establishing a meeting of the minds on the essential terms of a joint venture in this case. The parties agree the material terms of a joint venture are (1) community of interest in the performance of the common purpose; (2) joint control or right to control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any of the losses, which may be sustained. *See Servicios De Almacen*, 2007 WL 628133, at *2 (quoting *Browning v. Peyton*, 918 F.2d 1516, 1220 (11th Cir. 1990); *Williams v. Obstfeld*, 314 F.3d 1270, 1275-76 (11th Cir. 2002). Taxinet's position is that the emails and text messages establish the elements of a joint venture agreement.

While Taxinet is correct that the Court can review the aggregate of writings to establish a contract, the Court agrees with the Magistrate Judge that the writings in this case fail in that regard. In its objections, Plaintiff argues that the text messages showing agreement on an equity split also establish how the parties agreed to share losses. Plaintiff cites *Williams v. Obstfeld*, 314 F.3d at 1276, which states that "where one party supplies labor and skill, the other supplies capital, and both agree to share in the profits of the venture, Florida courts have concluded an agreement to share losses exists as a matter of law[.]"). It cites to Noboa's deposition, where he states that "profits or losses on a company are shared by the owners, depending on the percentages." (ECF 187-1 at 142:13-15). Plaintiff omits Noboa's testimony, cited by the Magistrate Judge, where he states that the parties never had a conversation regarding losses. *Id.*

at 142:18-19. The question presented by this objection is whether the Plaintiff sufficiently establishes a written agreement showing an equity split, such that the Court can find that agreement also establishes an agreement on losses.

The Magistrate Judge examined the writings, which this Court has also reviewed *de novo*, and there are two emails signed by Leon upon which Plaintiff relies. In late October 24, 2015, Leon sent the first signed email where he complains about technical software issues and proposes a revised equity split to reduce Taxinet's interest. In that email, he refers to his "future partners" and signs it with a "hope you can agree." (D.E. 181-12). Leon's second email days later again changes the equity split, but changes Pedro Domit's interest. Tellingly, that email states that they had a meeting where the "aim was to be clear about what we believe would be a fair plan in the different possible scenarios. . .I have agreed to add my basic observations in order to establish a common starting point for the successful and correct implementation on the project. . . I think that today we set out the necessary foundations to speak openly about our interests, which must work for the common good of all parties in the end." (D.E. 181-23). Taxinet views this email as a proposed amendment to the prior agreement, which is not evidenced in an executed writing. The parties had previously exchanged text messages on the equity split. Similarly, the emails from Domit summarize discussions about the proposed by-laws and articles of incorporation, but he asks Leon and Noboa "if anything is wrong, or missing, add it." Whether they agreed or not is not in the record. Moreover, the terms themselves contemplate future agreement, as he stated in the email: "the consolidation process of the operation with Taxinet Corp. will be documented in an agreement between Taxinet Corp. and the partners of the Mexican company." (D.E. 181-18).

The Magistrate Judge correctly concluded that Leon's stand-alone emails cannot evidence a meeting of the minds. Even if the Court views his signed emails together with the text

messages, they do not show a meeting of the minds as to the equity split, but rather, as the Magistrate Judge concluded "memorialize a number of different agreements reached on this term." *Report and Recommendations* at 16. The emails are replete with language contemplating a future agreement. Domit's email similarly states it is a summary of his understanding of the discussions and requests input from the partners. Accordingly, the Court agrees with the Report's recommendation that the writings do not establish a meeting of the minds showing agreement on the material terms.

Taxinet urges this Court to find that Florida law provides the missing terms where the parties have agreed on an equity split. Again, the Court has not found that there is a succinct signed written agreement that establishes this material fact. Moreover, Taxinet overlooks that the Court can infer the existence of certain elements of the joint venture agreement from evidence of the circumstances under which the parties conducted their business. A joint venture is based upon the "acts and conduct of the parties or the construction which the parties give to the contract between them." *Russell v. Thielen*, 82 So. 2d 143, 145 (Fla. 1955); *Florida Tomato Packers, Inc. v. Wilson*, 296 So. 2d 536, 539 (Fla. 3d DCA 1974). This is not a case where the parties had a history of performing a joint venture from which evidence the fact finder could imply or infer the existence of a joint venture or not. Here the parties had exchanged text messages and emails to discuss the formation of a business venture, not one they had been operating. The Magistrate Judge correctly concluded those emails and text messages failed to show a meeting of the minds and correctly did not infer terms of a joint venture agreement from the exchange of those messages.

   C. *Clarification of the Timing of the Stress Test*

Leon filed a request for clarification because the Report and Recommendations contained a statement that a stress test was performed on the software in October 2015. The parties agree this is an erroneous statement. Leon uses this to argue that the Magistrate Judge erred in finding communications after this date admissible. He argues those communications are settlement discussions and should be omitted from the record. The evidence he seeks to exclude under Federal Rule of Evidence 408 do not stem from communications to resolve claims in dispute. Accordingly, the Magistrate Judge's ruling should not be disturbed. At trial, the Court may consider specific arguments as to specific documents and the applicability of Federal Rule of Evidence 408.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th of November 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record